UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. SAUCEDO, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-01772 CSK P<br><br><br>ORDER |

I.　Introduction

　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.     Discussion

Named as defendants are Deputy Saucedo, Deputy Deo, Deputy Lee, Deputy Trost, Deputy Xiong, Food Service Manager/Supervisor Johnson, Kitchen Deputy Meyer, Control Tower Officer Ceries, Reception Deputy Cuems, Nurse Randy, Nurse Alex and Nurse Tseng. (ECF No. 1 at 3-4.) The alleged deprivations occurred at the Rio Consumnes Correctional Center ("RCCC"), which is a division of the Sacramento County Jail. (Id. at 1.) Plaintiff's complaint contains three claims for relief.

Plaintiff does not state whether he was a convicted prisoner or a pretrial detainee at the time of the alleged deprivations. Because plaintiff alleges that he was transferred from RCCC to state prison, for purposes of the instant order, this Court assumes that plaintiff was a pretrial detainee at all relevant times. If plaintiff files an amended complaint, he shall clarify whether he was a pretrial detainee or convicted prisoner at the time of the alleged deprivations.

A. Claim One

Plaintiff alleges a violation of his First Amendment right to religious freedom. (Id. at 5.) Plaintiff alleges that on June 2, 2022, he filed a grievance stating that he was not getting his Hindu religious vegetarian diet every day since his transfer from the Sacramento County Main Jail to RCCC. (Id.) Plaintiff alleges that he filed grievances on October 10, 2022 and January 28, 2023 regarding his failure to receive his Hindu religious vegetarian diet. (Id.) Plaintiff alleges that in the grievance filed October 10, 2022, plaintiff wrote that there were instances where he accidentally consumed food not knowing what the ingredients were. (Id.) Plaintiff also wrote that plaintiff was not handed his meal on several occasions. (Id.) Plaintiff alleges that defendants Johnson and Meyer served meat, red wine vinegar and animal by-products in a vegetarian option, which plaintiff unknowingly ate. (Id. at 10.)

Plaintiff also alleges that his right to practice his religion was violated on December 16, 2022 when defendant Xiong deliberately removed religious worship pictures of Hindu deities. (Id.) Plaintiff alleges that these pictures were thrown on plaintiff's bunk. (Id.) According to plaintiff's religious beliefs, people who eat meat are not allowed to touch religious deities. (Id.) Plaintiff alleges that defendant Xiong did not remove any of the other religious pictures and sexually suggestive pictures that were also displayed by inmates on the walls in KBP-603 Facility Dorm at that time. (Id. at 6.) Plaintiff felt discriminated against based on his race and religious beliefs. (Id.)

Inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). To state a claim under the Free Exercise Clause of the First Amendment, an inmate must plausibly allege a prison official's actions (a) substantially burdened the inmate's exercise of a sincerely held religious belief; and (b) did so in an unreasonable manner. See O'Lone, 482 U.S. at 348-50; Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015). "Inmates … have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam).

For the following reasons, this Court finds that plaintiff's claim that he was denied Hindu vegetarian meals at RCCC fails to state a potentially colorable First Amendment claim. The only defendants linked to this claim are defendants Food Service Manager/Supervisor Johnson and Kitchen Deputy Meyer, who plaintiff alleges served meat, red wine vinegar and animal by-products in a vegetarian option, which plaintiff unknowingly ate. Plaintiff does not allege the number of occasions he ate meals labeled as vegetarian containing meat and animal by-products. Without this information, this Court cannot determine whether plaintiff states a potentially colorable First Amendment claim against defendants Johnson and Meyer. Cf. Glover v. Evans, 2007 WL 3022249, at *1 (N.D. Cal. Oct. 15, 2007) (failure to provide inmate with a vegetarian meal in compliance with his special religious diet on a single occasion was not of constitutional magnitude.). If plaintiff files an amended complaint, plaintiff shall address the frequency he

1  received vegetarian meals containing meat and animal by-products.  Plaintiff shall also clarify the
2  involvement of defendants Johnson and Meyer in the preparation and distribution of plaintiff's
3  meals.  In addition, plaintiff shall address how the consumption of red wine vinegar violated his
4  religious beliefs.

5        This Court also finds that plaintiff's claim alleging that defendant Xiong violated the First
6  Amendment by removing plaintiff's religious worship pictures of Hindu deities does not state a
7  potentially colorable First Amendment claim.  Plaintiff fails to allege that the removal of the
8  religious worship pictures substantially burdened the practice of plaintiff's religion, as required
9  for a claim under the Free Exercise Clause of the First Amendment.  Accordingly, this claim is
10 dismissed with leave to amend.  If plaintiff files an amended complaint, plaintiff shall address
11 how the removal of his religious worship pictures substantially burdened the practice of his
12 religion.

13       Plaintiff also alleges that defendant Xiong did not remove any of the other religious
14 pictures and sexually suggestive pictures displayed by other inmates on the walls in KBP-603
15 Facility Dorm at that time.  Plaintiff alleges that he felt discriminated against by defendant Xiong
16 based on plaintiff's race and religious beliefs.  Although plaintiff's complaint does not raise a
17 claim pursuant to the Equal Protection Clause of the Fourteenth Amendment, this Court finds that
18 these allegations state a potentially colorable equal protection claim.  If plaintiff files an amended
19 complaint, he shall clarify whether he intends to raise an equal protection claim based on these
20 allegations.

21       Finally, in his request for relief, plaintiff alleges that he seeks money damages from
22 defendant Trost for violating plaintiff's First Amendment rights.  (ECF 1 at 10.)  The complaint
23 contains no allegations against defendant Trost for allegedly violating plaintiff's First
24 Amendment rights.  For this reason, plaintiff's First Amendment claim against defendant Trost is
25 dismissed.

26     B.  Claim Two

27       Plaintiff alleges violations of the Eighth and Fourteenth Amendments.  (Id. at 7.)  Plaintiff
28 alleges that while he was being escorted to holding tank #1 in an effort to resolve the grievances

1  discussed in claim one, a deputy used excessive force on plaintiff. (Id.) The excessive force
2  caused an injury to plaintiff which led to chronic lumbar radiculopathy, foot pain, hyperlipidemia
3  and lower back pain. (Id.) Plaintiff alleges that defendant Saucedo was the one who used
4  excessive force. (Id.) Plaintiff alleges that defendant Saucedo was assisted by defendants Deo,
5  Lee and Trost. (Id.) Plaintiff alleges that these four defendants surrounded plaintiff and
6  threatened plaintiff, using profanity. (Id.) Plaintiff alleges that defendant Saucedo forcibly
7  pushed plaintiff down. (Id.)

8  The Fourteenth Amendment's Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). The following non-exclusive factors may bear on the reasonableness or unreasonableness of the force used: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. at 397.

18  "Officers can be held liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if 'they had an opportunity to intercede.'" Hughes v. Rodriguez, 31 F.4th 1211, 1223 (9th Cir. 2023) (quoting Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000)). "Furthermore, officers can be held liable for excessive force on a theory of integral participation only if they participate 'in some meaningful way' in the specific actions that constituted the violation." Id. (quoting Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004)).

25  Plaintiff does not describe the circumstances surrounding the alleged excessive force. Without additional information regarding this incident, this Court cannot determine whether plaintiff states a potentially colorable excessive force claim against defendant Saucedo. Accordingly, the excessive force claim against defendant Saucedo is dismissed with leave to

amend.  If plaintiff files an amended complaint, plaintiff shall describe the circumstances leading to the alleged use of excessive force.  If plaintiff knows, plaintiff shall address why defendant Saucedo pushed plaintiff to the ground.  Because plaintiff fails to state a potentially colorable excessive force claim against defendant Saucedo, plaintiff also fails to state a potentially colorable claim against defendants Deo, Lee and Trost based on their involvement in this incident.  If plaintiff files an amended complaint, plaintiff shall specifically describe the involvement of defendants Deo, Lee and Trost in the alleged use of excessive force by defendant Saucedo.

      C.  Claim Three

Plaintiff alleges a violation of his Eighth Amendment rights.  (ECF No. 1 at 8.)  Plaintiff alleges that the events alleged in claims one and two led to the events alleged in claim three.  (Id.)  Plaintiff alleges that on January 29, 2023, which was one day after the excessive force incident alleged in claim two, plaintiff wrote a health services request form based on low and upper back pain.  (Id.)  On January 31, 2023, plaintiff was seen by a social worker named Alison.  (Id.)  On February 8, 2023, plaintiff submitted another request to the medical department.  (Id.)  On February 9, 2023, the medical department acknowledged the request submitted by plaintiff on February 8, 2023.  (Id.)  On February 16, 2023, plaintiff wrote a request to be seen by a chiropractor.  (Id.)  A registered nurse saw plaintiff on February 16, 2023 "to let the medical doctor know about the plaintiff's back pain."  (Id.)  On April 13, 2023, defendant Tseng authorized x-rays and a blood test.  (Id.)  On May 31, 2023, a lower bunk chrono was issued for plaintiff.  (Id.)  After these events, plaintiff's lower back pain still persisted.  (Id.)  From June 1, 2023 to February 29, 2024, the medical staff at RCCC did not give plaintiff further consultations or treatment.  (Id.)  Plaintiff alleges that due to the inadequacy and negligence by defendants Alex, Randy and Tseng, plaintiff's body pain affects his daily movements.  (Id.)

Claims for violation of the right to adequate medical care brought by detainees arise under the Fourteenth Amendment and are evaluated under an objective deliberate indifference standard.  Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018).  "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process

clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. at 1125 (footnote, citations, and internal quotation marks omitted).

Plaintiff alleges that defendants Alex, Randy and Tseng failed to adequately treat the injuries plaintiff suffered following the excessive force incident alleged in claim two. However, the complaint contains no allegations regarding defendants Alex and Randy. For example, plaintiff fails to allege that defendants Alex and Randy examined plaintiff on a particular date for his injuries and failed to provide treatment. Based on plaintiff's failure to describe the specific conduct by defendants Alex and Randy on which plaintiff's inadequate medical care claim is based, this Court finds that plaintiff fails to state a potentially colorable Fourteenth Amendment claim against defendants Alex and Randy.

The only specific allegation against defendant Tseng is that on April 13, 2023, defendant Tseng authorized x-rays and a blood test. Plaintiff does not explain how the ordering of the x-rays and blood test by defendant Tseng put plaintiff at a substantial risk of suffering serious harm. This Court finds that these allegations do not demonstrate that defendant Tseng was objectively deliberately indifferent to plaintiff's serious medical needs. Accordingly, plaintiff's Fourteenth Amendment claim against defendant Tseng is dismissed.

D.  Defendants Ceries and Cuems

Plaintiff's complaint contains no allegations against defendants Ceries and Cuems. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

8

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371-72 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Defendants Ceries and Cuems are dismissed because they are not linked to any alleged deprivations.  If plaintiff files an amended complaint naming defendants Ceries and Cuems, plaintiff shall allege how these defendants allegedly violated plaintiff's constitutional rights.

IV.     Conclusion

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's

amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's complaint is dismissed.

    4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5.  Plaintiff's motion for appointment of counsel (ECF No. 5) is denied.

Dated:  August 6, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kumar1772.14
2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>              Plaintiff,<br><br>        v.<br><br>J. SAUCEDO, et al.,<br><br>              Defendants. | No. 2:24-cv-01772 CSK P<br><br>NOTICE OF AMENDMENT |

     Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐     Amended Complaint
     (Check this box if submitting an Amended Complaint)

DATED:

                    _____
                    Plaintiff