UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>   Plaintiff,<br><br>   v.<br><br>J. SAUCEDO, et al.,<br><br>   Defendants. | No.  2:24-cv-01772 CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 7, 2024, the Court dismissed plaintiff's complaint with leave to amend.  (ECF No. 7.)  Pending before the Court is plaintiff's amended complaint.  (ECF No. 11.)

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
5  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
7  1227.

8      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
9  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
12 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
13 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
14 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
15 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
17 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
18 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
19 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
20 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
21 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

22 **II.  DISCUSSION**

23     Named as defendants are Deputy Saucedo, Deputy Deo, Deputy Lee, Deputy Trost,
24 Deputy Xiong, Food Service Manager/Supervisor Johnson, Kitchen Deputy Meyer, Control
25 Officer Ceries, Reception Deputy Cuems, Nurse Randy, Nurse Alex, Dr. Tseng[1] and Lieutenant

---

[1] In the amended complaint, plaintiff identifies defendant Tseng as both a doctor and a nurse. (ECF No. 11 at 1, 6.)  Based on the allegations in the amended complaint, it appears likely that defendant Tseng is a doctor.  If plaintiff files a second amended complaint, plaintiff shall clarify whether defendant Tseng is a doctor or a nurse.

Aaron Leahy. (ECF No. 11 at 1.) The alleged deprivations occurred at the Sacramento County Main Jail and the Rio Consumes Correctional Center ("RCCC"). Plaintiff appears to have been a pretrial detainee at the time of the alleged deprivations. Plaintiff's amended complaint contains three claims for relief.

**A. Claim One**

1. Allegations in Claim One

Plaintiff alleges that he is a member of the Hindu religion. (Id. at 2.) On April 28, 2022, the Chaplain at the Sacramento County Main Jail approved plaintiff's Hindu vegetarian diet. (Id.) Plaintiff did not receive his Hindu vegetarian diet the whole time he was incarcerated at the Sacramento County Main jail and RCCC from April 21, 2022 to February 9, 2024. (Id.) Plaintiff alleges that he never knew what the ingredients were in the food he was served. (Id.) The religious diets are prepared at outside facilities. (Id.) In plaintiff's grievance filed on June 2, 2022 at RCCC, plaintiff stated that he was still not getting his Hindu vegetarian diet every day following his transfer from the Sacramento County Main Jail to RCCC. (Id.) Plaintiff filed other grievances on October 10, 2022 and January 28, 2023 regarding his failure to receive his Hindu vegetarian diet. (Id.) The "grievance reply" (apparently written by plaintiff), dated October 10, 2022, stated that there were instances where plaintiff accidentally consumed food not knowing the ingredients. (Id.) This document also stated that plaintiff was not handed his meal on several occasions. (Id.) In a grievance reply, dated January 28, 2023, plaintiff stated that he was still trying to resolve the "incorrect Hindu religious vegetarian diet issue." (Id.) Plaintiff alleges that "[t]he involvement of defendants Johnson and Meyer was mentioned since my grievance were answered." (Id.)

Plaintiff also alleges that defendants Johnson and Meyer served red wine vinegar in plaintiff's religious vegetarian meal, which plaintiff consumed. (Id. at 3.) Plaintiff alleges that consuming red wine vinegar violates plaintiff's Hindu religion. (Id.)

Plaintiff alleges that on December 16, 2022, defendant Xiong deliberately removed religious worship pictures of Hindu deities belonging to plaintiff. (Id.) These pictures were thrown to plaintiff's bunk from the wall. (Id.) Plaintiff alleges that defendant Xiong destroyed

3

plaintiff's altar of religious worship, which substantially burdened plaintiff's practice of his religion. (Id.) Plaintiff alleges that people who eat meat are not allowed to touch pictures of Hindu deities. (Id.) Plaintiff alleges that defendant Xiong's handling of plaintiff's religions materials showed a blatant lack of respect for plaintiff's religious beliefs. (Id.) Plaintiff alleges that defendant Xiong did not remove religious pictures (apparently related to other religions) and sexually suggestive pictures displayed by other inmates. (Id.) Plaintiff alleges that defendant Xiong discriminated against plaintiff based on plaintiff's race and religious beliefs. (Id.)

Plaintiff also alleges that defendant Xiong was not helpful to plaintiff when plaintiff needed help to correct plaintiff's religious diet. (Id.) During breakfast most of the time, defendant Xiong was the lead deputy on the morning shift. (Id.) Defendant Xiong noted plaintiff's complaint about the diet but did not solve the issue. (Id.)

2. Analysis

Plaintiff claims that he was denied his Hindu vegetarian diet for the entire time he was incarcerated in the Sacramento County Main Jail and RCCC. Plaintiff alleges that "[t]he involvement of defendants Johnson and Meyer was mentioned since my grievance were answered." (ECF No. 11 at 2.) Plaintiff's allegations regarding the involvement of defendants Johnson and Meyer in plaintiff's alleged failure to receive his Hindu vegetarian diet are not clear. For this reason, plaintiff's claims against defendants Johnson and Meyer regarding plaintiff's alleged failure to receive his Hindu vegetarian diet are dismissed. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague allegations of official participation in civil rights violations are not sufficient). If plaintiff is claiming that defendants Johnson and Meyer knew of plaintiff's alleged failure to receive his Hindu vegetarian diet based on their review of and response to plaintiff's grievances, plaintiff shall make this clear in a second amended complaint.

Plaintiff's claim that defendants Johnson and Meyer served plaintiff food containing red wine vinegar in violation of plaintiff's Hindu religion states a potentially colorable First Amendment claim. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted) (inmates "retain protections afforded by the First Amendment including its directive that no law shall prohibit the free exercise of religion."); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.

1987) (per curiam) ("Inmates…have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.").

Plaintiff's claim that defendant Xiong destroyed plaintiff's religious Hindu altar states a potentially colorable First Amendment claim. See O'Lone, 482 U.S. at 348. Plaintiff's claim that defendant Xiong removed plaintiff's Hindu religious pictures but not pictures from other religions and sexually suggestive pictures displayed by other inmates states a potentially colorable Equal Protection claim for discrimination based on plaintiff's religion. See Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972) ("[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'").

Plaintiff also alleges that defendant Xiong discriminated against plaintiff based on plaintiff's race when defendant Xiong removed plaintiff's Hindu religious pictures but not pictures from other religions and sexually suggestive pictures displayed by other inmates. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted). Plaintiff has not pled sufficient facts demonstrating that defendant Xiong acted with the intent to discriminate against plaintiff based on plaintiff's race when defendant Xiong allegedly removed plaintiff's religious pictures. Accordingly, this claim is dismissed.

Plaintiff claims that during breakfast time, defendant Xiong noted plaintiff's complaint regarding plaintiff's failure to receive a Hindu vegetarian meal but did not solve the problem. These allegations state a potentially colorable First Amendment claim against defendant Xiong. See McElyea, 833 F.2d at 198.

///

**B. Claim Two**

1. Allegations in Claim Two

On January 28, 2023, plaintiff was escorted to the holding tank to resolve his grievance regarding his religious diet. (ECF No. 11 at 4.) Plaintiff alleges that while being escorted, defendant Saucedo used excessive force against plaintiff. (Id.) Plaintiff alleges that defendant Saucedo forcibly pushed plaintiff down. (Id. at 5.) Plaintiff alleges that because of the excessive force, plaintiff suffered chronic lumbar radiculopathy, foot pain, hyperlipidemia, lower back pain, left shoulder pain and varicose veins in the lower leg. (Id.) Plaintiff alleges that defendant Saucedo was assisted by defendants Deo, Lee and Trost. (Id. at 4.) Plaintiff alleges that these four defendants surrounded plaintiff and began to threaten plaintiff, using profanity. (Id.)

2. Analysis

The Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. See Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). To prevail on an excessive force claim, "a pretrial detainee must only show that the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). Plaintiff appears to claim that defendant Saucedo threw plaintiff to the ground without cause. This Court finds that plaintiff states a potentially colorable Fourteenth Amendment claim against defendant Saucedo for the alleged use of excessive force.

"Officers can be liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if 'they had an opportunity to intercede.'" Hughes v. Rodriguez, 31 F.4th 1211, 1223 (9th Cir. 2003) (quoting Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000)). "Furthermore, officers can be held liable for excessive force on a theory of integral participation only if they participate 'in some meaningful way' in the specific actions that constituted the violation." Id. (quoting Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004)).

While plaintiff alleges that defendant Saucedo was assisted by defendants Deo, Lee and Trost, apparently in the transport of plaintiff, plaintiff does not plead sufficient facts demonstrating that defendants Deo, Lee and Trost participated in the alleged use of excessive

6

force by defendant Saucedo or had an opportunity to intercede in defendant Saucedo's alleged use of excessive force against plaintiff. While plaintiff claims that all four defendants surrounded plaintiff and began using profanity against plaintiff, plaintiff does not describe whether this occurred before or after defendant Saucedo threw plaintiff to the ground. Without additional information regarding the circumstances of the alleged excessive force, this Court cannot determine whether defendants Deo, Lee and Trost can be liable for defendant Saucedo's alleged use of excessive force against plaintiff. Accordingly, the claims against defendants Deo, Lee and Trost are dismissed.

### C. Claim Three

#### 1. Allegations in Claim Three

On January 29, 2023, plaintiff wrote a Health Service Request based on the lower back and upper back pain caused by defendant Saucedo's alleged use of excessive force on January 28, 2023. (ECF No. 11 at 5.) On January 31, 2023, social worker Alison told plaintiff that she would "give more information," but failed to do so. (Id. at 6.) On February 8, 2023, plaintiff submitted another request for medical care. (Id.) On February 16, 2023, plaintiff submitted another request for medical care. (Id.) On February 26, 2023, a registered nurse saw plaintiff "to let the medical doctor know about the plaintiff's back pain." (Id.) On April 13, 2023, defendant Tseng authorized x-rays and a blood test for plaintiff. (Id.) The x-ray technician later told plaintiff that defendant Tseng authorized a chest x-ray and a blood test for tuberculosis. (Id.) On May 31, 2023, a lower bunk chrono was issued for plaintiff. (Id.) Plaintiff's lower back pain persists. (Id.) From June 1, 2023 to February 29, 2024, the medical staff at RCCC did not give plaintiff further medical treatment. (Id.)

On January 29, 2023, February 8, 2023 and February 13, 2023, defendants Nurse Alex and Nurse Randy refused plaintiff treatment saying that at RCCC, they do not provide treatment for "back pain injury." (Id.) Defendants Nurse Alex and Nurse Randy advised plaintiff to follow-up with his primary care physician following plaintiff's release from custody. (Id.)

On May 23, 2023 and May 27, 2023, plaintiff wrote to medical requesting an x-ray for his lower back due to pain. (Id.) Plaintiff received no response to these requests. (Id.) Plaintiff

alleges that due to his failure to receive medical care from defendants Alex, Randy and Tseng, plaintiff now suffers from chronic lumbar radiculopathy, foot pain, hyperlipidemia, lower back pain, left shoulder pain and varicose veins in the lower leg. (Id. at 7.) Plaintiff's body pain affects plaintiff's daily movements. (Id.)

Plaintiff alleges that defendant Ceries works the Pod Control Tower. (Id.) Defendant Ceries was always rude and angry when plaintiff tried to fix his religious diet. (Id.) She threatened plaintiff through the intercom that she would put plaintiff in the holding tank. (Id.) She also told plaintiff that she could not correct plaintiff's diet because the kitchen was closed, which plaintiff alleges is not correct. (Id.)

Plaintiff alleges that on October 27, 2022, plaintiff received a note from defendant Cuems saying that plaintiff could not have the "prescribed" glasses plaintiff's wife had brought because they had metal frames. (Id.) Plaintiff told defendant Cuems that there were inmates at RCCC who had metal frame glasses, metal walkers and other medical metal gear provided by RCCC to inmates. (Id.) Plaintiff received no response from defendant Cuems. (Id.) Defendant Cuems never gave plaintiff the metal frame glasses the entire time plaintiff was at RCCC. (Id.)

2. Analysis

Claims for violations of the right to adequate medical care brought by detainees arise under the Fourteenth Amendment and are evaluated under an objective deliberate-indifference standard. See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high level of risk involved—making the consequences of defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular

8

1  case." Id. at 1125 (footnote, citations and internal quotation marks omitted).

2  Plaintiff alleges that defendant Tseng authorized a chest x-ray and blood test for tuberculosis instead of an x-ray of plaintiff's back. However, plaintiff pleads no facts demonstrating that defendant Tseng knew of plaintiff's back injury and/or back pain. Plaintiff does not claim, for example, that plaintiff informed defendant Tseng of plaintiff's back injury and/or back pain during an examination. While plaintiff alleges that on May 23, 2023 and May 27, 2023, plaintiff wrote to medical requesting an x-ray for his lower back due to pain, plaintiff pleads no facts demonstrating that defendant Tseng had knowledge of these requests. Accordingly, this Court finds that plaintiff fails to state a potentially colorable Fourteenth Amendment claim against defendant Tseng for failing to order a back x-ray for plaintiff because plaintiff fails to plead facts demonstrating that defendant Tseng had knowledge of plaintiff's alleged back injury and/or back pain.

This Court finds that plaintiff states a potentially colorable Fourteenth Amendment claim against defendants Nurse Alex and Nurse Randy based on their alleged failure to treat plaintiff's back pain because RCCC does not provide treatment for "back pain injury." See Gordon, 888 F.3d at 1124-25. Plaintiff's claim that defendant Ceries refused to help plaintiff obtain his Hindu vegetarian diet by falsely claiming that the kitchen was closed states a potentially colorable First Amendment claim. See McElyea, 833 F.2d at 198. Plaintiff's claim that defendant Cuems would not allow plaintiff to possess his prescription glasses because they had metal frames even though other inmates possessed glasses with metal frames states a potentially colorable Fourteenth Amendment claim. See Gordon, 888 F.3d at 1124-25.

**D. Defendant Leahy**

Plaintiff's amended complaint contains no allegations against defendant Leahy. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

9

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey 673 F.2d at 268. Accordingly, all claims against defendant Leahy are dismissed because defendant Leahy is not linked to any alleged deprivations.

## III. CONCLUSION

For the reasons discussed above, this Court finds that the following claims raised in the amended complaint are potentially colorable: 1) First Amendment free exercise of religion claim against defendants Johnson and Meyer for allegedly serving plaintiff meals containing red wine vinegar; 2) First Amendment free exercise of religion claim against defendant Xiong for allegedly destroying plaintiff's Hindu altar; 3) Fourteenth Amendment equal protection claim for discrimination based on plaintiff's religion against defendant Xiong for allegedly removing plaintiff's Hindu pictures but not removing pictures from other religions and sexually suggestive pictures displayed by other inmates; 4) First Amendment free exercise of religion claim against defendant Xiong for allegedly failing to assist plaintiff in obtaining his Hindu vegetarian meals; 5) Fourteenth Amendment claim against defendant Saucedo for allegedly using excessive force against plaintiff on January 28, 2023; 6) Fourteenth Amendment claim against defendants Nurse Alex and Nurse Randy for allegedly denying plaintiff treatment for his back injuries and back pain on January 29, 2023, February 8, 2023 and February 13, 2023; 7) First Amendment free

exercise of religion claim against defendant Ceries for allegedly failing to assist plaintiff in obtaining his Hindu vegetarian meals; and 8) Fourteenth Amendment adequate medical care claim against defendant Cuems for allegedly refusing to allow plaintiff to possess prescription glasses with metal frames.

For the reasons discussed above, the Court finds that the following claims raised in the amended complaint are not potentially colorable: 1) First Amendment free exercise of religion claim against defendants Johnson and Meyer based on plaintiff's alleged failure to receive his Hindu vegetarian diet; 2) Fourteenth Amendment claim against defendants Deo, Lee and Trost based on their alleged failure to intervene when defendant Saucedo used excessive force; 3) Fourteenth Amendment equal protection claim for discrimination based on race against defendant Xiong based on defendant Xiong's alleged removal of plaintiff's Hindu pictures; 4) Fourteenth Amendment adequate medical care claim against defendant Tseng based on defendant Tseng's alleged failure to order an x-ray of plaintiff's back; and 5) all claims against defendant Leahy.

Plaintiff may proceed forthwith to serve defendants Johnson, Meyer, Xiong, Saucedo, Nurse Alex, Nurse Randy, Ceries and Cuems with those claims found potentially colorable, or he may delay serving any defendant and attempt to cure the pleading defects as to those claims against defendants Johnson, Meyer, Deo, Lee, Trost, Tseng, Xiong and Leahy found not potentially colorable. If plaintiff elects to proceed forthwith as to his potentially colorable claims, then within thirty days plaintiff must so elect on the appended form. In this event, the Court will construe plaintiff's election as consent to dismissal of the those claims found not potentially colorable. Under this option, plaintiff does not need to file a second amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to cure the pleading defects as to his non-colorable claims. If plaintiff elects to attempt to file a second amended complaint, he has thirty days to do so. **Plaintiff is not granted leave to add new claims or new defendants.**

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. The following claims are dismissed with leave to amend: 1) First Amendment free

exercise of religion claim against defendants Johnson and Meyer based on plaintiff's alleged failure to receive his Hindu vegetarian diet; 2) Fourteenth Amendment claim against defendants Deo, Lee and Trost based on their alleged failure to intervene when defendant Saucedo used excessive force; 3) Fourteenth Amendment equal protection claim for discrimination based on race against defendant Xiong based on defendant Xiong's alleged removal of plaintiff's Hindu pictures; 4) Fourteenth Amendment adequate medical care claim against defendant Tseng based on defendant Tseng's alleged failure to order an x-ray of plaintiff's back; and 5) all claims against defendant Leahy. Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to cure the pleading defects as to these claims. Plaintiff is not obligated to amend his complaint.

2. The allegations in the amended complaint are sufficient at least to state potentially cognizable claims against defendants Johnson, Meyer, Xiong, Saucedo, Nurse Alex, Nurse Randy, Ceries and Cuems as follows: 1) First Amendment free exercise of religion claim against defendants Johnson and Meyer for allegedly serving plaintiff meals containing red wine vinegar; 2) First Amendment free exercise of religion claim against defendant Xiong for allegedly destroying plaintiff's Hindu altar; 3) Fourteenth Amendment equal protection claim for discrimination based on plaintiff's religion against defendant Xiong for allegedly removing plaintiff's Hindu pictures but not removing pictures from other religions and sexually suggestive pictures displayed by other inmates; 4) First Amendment free exercise of religion claim against defendant Xiong for allegedly failing to assist plaintiff in obtaining his Hindu vegetarian meals; 5) Fourteenth Amendment claim against defendant Saucedo for allegedly using excessive force against plaintiff on January 28, 2023; 6) Fourteenth Amendment claim against defendants Nurse Alex and Nurse Randy for allegedly denying plaintiff treatment for his back injuries and back pain on January 29, 2023, February 8, 2023 and February 13, 2023; 7) First Amendment free exercise of religion claim against defendant Ceries for allegedly failing to assist plaintiff in obtaining his Hindu vegetarian meals; and 8) Fourteenth Amendment adequate medical care claim against defendant Cuems for allegedly refusing to allow plaintiff to possess prescription glasses with metal frames. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to

such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

    3. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner.

    4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kum1772.ame/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>             Plaintiff,<br><br>     v.<br><br>J. SAUCEDO, et al.,<br><br>             Defendants. | No.  2:24-cv-1772 CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with the potentially colorable claims identified in the order screening the amended complaint.  Under this option, plaintiff consents to dismissal of the following claims without prejudice: 1) First Amendment claim against defendants Johnson and Meyer based on plaintiff's alleged failure to receive his Hindu vegetarian diet; 2) Fourteenth Amendment claim against defendants Deo, Lee and Trost based on their alleged failure to intervene when defendant Saucedo used excessive force; 3) Fourteenth Amendment equal protection claim against defendant Xiong based on defendant Xiong's alleged removal of plaintiff's Hindu pictures based on plaintiff's race; 4) Fourteenth Amendment claim against defendant Tseng based on defendant Tseng's alleged failure to order an x-ray of plaintiff's back; and 5) all claims against defendant Leahy.

**OR**

\_\_\_\_\_    Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
                              Plaintiff

1