UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>  Plaintiff,<br><br>  v.<br><br>J. SAUCEDO, et al.,<br><br>  Defendants. | No. 2:24-cv-1772 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint. (ECF No. 13.) For the following reasons, this Court finds that the second amended complaint states eleven potentially colorable claims for relief. This Court separately orders plaintiff to return the forms necessary for service of those potentially colorable claims. For the following reasons, this Court finds that ten claims raised in the second amended complaint are not potentially colorable and recommends dismissal of those claims.

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. DISCUSSION

Named as defendants are J. Saucedo, Deputy Deo, Deputy M. Lee, Deputy Trost, Deputy

Xiong, Food Service Supervisor/Manager Johnson, Kitchen Officer Meyer, Nurse Randy, Nurse Alex, Dr. Tseng, Control Tower Officer Ceries, Reception Intake Deputy Cuems and Lieutenant Leahy. (ECF No. 13 at 2-3.) The alleged deprivations occurred at the Rio Consumnes Correctional Center ("RCCC"). (Id. at 1.) Plaintiff appears to claim that he was a pretrial detainee at the time of the alleged deprivations. (Id. at 4.) Plaintiff's second amended complaint contains three numbered claims for relief, with each numbered claim containing multiple claims.

### A. Claim One

In claim one, plaintiff alleges violation of his First Amendment right to religious freedom, unreasonable search and seizure in violation of the Fourth Amendment, excessive punishment in violation of the Eighth Amendment, violation of the Fourteenth Amendment and violation of plaintiff's right to Equal Protection. (Id. at 4.)

#### 1. Claims Against Defendants Johnson and Meyer

Plaintiff is a member of the Hindu religion. (Id.) Based on his religious beliefs, plaintiff is a vegetarian and does not eat food that comes in contact with meat. (Id.) On April 28, 2022, the chaplain approved plaintiff's Hindu vegetarian diet. (Id.) However, plaintiff did not receive his Hindu vegetarian diet the entire time plaintiff was housed at the Sacramento County Main Jail ("Main Jail") and RCCC, from April 21, 2022 to February 29, 2024. (Id.) Plaintiff claims that other religious diets were prepared outside RCCC and the Main Jail to avoid contamination. (Id.) Plaintiff's food was prepared at RCCC and the Main Jail and was cooked and served to plaintiff in cross-contaminated utensils. (Id.) Plaintiff never knew the ingredients in the food he was served. (Id. at 5.) Plaintiff filed grievances regarding the failure to receive a Hindu vegetarian diet following his transfer from the Main Jail to RCCC. (Id.) Plaintiff appears to claim that defendant Johnson, the Food Service Supervisor/Manager, and defendant Meyer, the Kitchen Officer, reviewed and/or responded to these grievances but failed to correct the problem. (Id.) Plaintiff alleges that on October 10, 2022, defendant Meyer told plaintiff, "Your diet will never change." (Id. at 13.) The job titles of defendants Johnson and Meyer suggest that these defendants had the authority to provide plaintiff with the requested Hindu vegetarian diet. This Court finds that claim one states a potentially colorable claim against defendants Johnson and

3

Meyer for violation of plaintiff's First Amendment right to free exercise of religion based on defendants' alleged failure to provide plaintiff with a Hindu vegetarian diet. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted) (inmates "retain protections afforded by the First Amendment including its directive that no law shall prohibit free exercise of religion."); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam) ("Inmates…have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.").

In claim one, plaintiff also alleges that defendants Johnson and Meyer served plaintiff food containing red wine vinegar, which plaintiff consumed, in violation of plaintiff's Hindu diet. (ECF No. 13 at 5-6.) This Court finds that these allegations state a potentially colorable First Amendment claim against defendants Johnson and Meyer for violating plaintiff's First Amendment right to free exercise of religion.

In claim one, plaintiff alleges that on November 18, 2022, plaintiff was served chorizo, which is pork sausage. (Id. at 6.) Plaintiff returned this meal to the kitchen but was not provided with a replacement meal. (Id.) Plaintiff alleges that he returned "voluminous" amounts of breakfast, lunch and dinner food because it violated his Hindu vegetarian diet. (Id.) Based on plaintiff's claim that he never received his Hindu vegetarian diet while at RCCC, this Court finds that these allegations raise a potentially colorable claim against defendants Johnson and Meyer for alleged violations of plaintiff's Fourteenth Amendment right to adequate food. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1976) (conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment); Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018) ("Jail officials have a duty to ensure that detainees are provide adequate shelter, food, clothing, sanitation, medical care, and personal safety.").

In claim one, plaintiff alleges that other religious food was prepared outside of the Main Jail and RCCC to avoid contamination, including Muslim and Kosher diets. (ECF No. 13 at 4.) Plaintiff appears to claim that defendants Johnson and Meyer violated plaintiff's right to Equal Protection by providing religious diets to inmates of other religions and failing to provide plaintiff

4

with plaintiff's Hindu religious diet. This Court finds that these allegations state a potentially colorable Equal Protection claim against defendants Johnson and Meyer. See Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972) ("[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'")).

### 2. Claims Against Defendant Xiong

Plaintiff alleges that on December 16, 2022, defendant Xiong deliberately removed plaintiff's worship pictures of religious deities. (ECF No. 13 at 6-7.) Defendant Xiong threw these pictures from the wall on to plaintiff's bunk. (Id.) Plaintiff alleges that defendant Xiong destroyed plaintiff's altar of religious worship. (Id.) These allegations state a potentially colorable First Amendment claim against defendant Xiong. See O'Lone, 482 U.S at 348. Plaintiff also alleges that defendant Xiong did not remove religious pictures from other religions displayed by other inmates. (ECF No. 13 at 7.) These allegations state a potentially colorable Equal Protection claim against defendant Xiong for discrimination based on plaintiff's religion. See Shakur, 514 F.3d at 891.

Plaintiff also alleges that he felt that defendant Xiong discriminated against plaintiff based on plaintiff's race when he removed plaintiff's religious pictures but not pictures displayed by other inmates regarding other religions and that were sexually suggestive. (ECF No. 13 at 7.) As the Court advised plaintiff in the order screening plaintiff's first amended complaint, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted). In the second amended complaint, plaintiff has not pled sufficient facts demonstrating that defendant Xiong acted with intent to discriminate against plaintiff based on plaintiff's race when defendant Xiong allegedly removed plaintiff's

religious pictures. Accordingly, this claim should be dismissed.

Plaintiff alleges that defendant Xiong did not help plaintiff to "correct" plaintiff's religious diet. (ECF No. 13 at 7.) Plaintiff alleges that during breakfast most of the time, defendant Xiong was the lead deputy in the morning shift. (Id.) Defendant Xiong noted plaintiff's complaint about plaintiff's failure to receive his Hindu vegetarian diet but did not solve the issue. (Id.) These allegations state a potentially colorable First Amendment right to free exercise of religion claim against defendant Xiong. See McElyea, 833 F.2d at 198.

### 3. Fourth Amendment

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend IV. This Court finds that in claim one, plaintiff pleads no facts suggesting a Fourth Amendment claim based on unreasonable searches and seizures. Accordingly, plaintiff's Fourth Amendment claim should be dismissed.

### 4. Eighth Amendment

"Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." Mediola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016); Bell, 441 U.S. at 535 n. 6. Because plaintiff was a pretrial detainee at the time of the alleged deprivations, plaintiff's claims are raised under the Fourteenth Amendment as opposed to the Eighth Amendment. Accordingly, plaintiff's Eighth Amendment claim raised in claim one should be dismissed.

**B. Claim Two**

In claim two, plaintiff alleges violations of the Fourth, Eighth and Fourteenth Amendments. (ECF No. 13 at 9.) Plaintiff alleges that on January 28, 2023, plaintiff was escorted to a holding tank to resolve his grievances regarding his failure to receive his Hindu vegetarian diet. (Id.) Plaintiff alleges that one of the deputies escorting plaintiff to the holding tank, defendant Saucedo, used excessive force against plaintiff by forcibly pushing plaintiff down. (Id.) Plaintiff alleges that plaintiff suffered injuries as a result of the excessive force including chronic lumbar radiculopathy, foot pain, hyperlipidemia, lower back pain, left shoulder

1    pain, varicose veins of lower leg, numbness of both feet, etc.  (Id.)  Attached to plaintiff's second
2    amended complaint is a response by jail officials to plaintiff's grievance regarding this incident.
3    (Id. at 22.)  In the grievance, plaintiff claimed that defendant Saucedo grabbed plaintiff's shoulder
4    from behind, shoved plaintiff toward Holding Tank # 1, and began to yell expletives toward
5    plaintiff.  (Id.)  The response states, in relevant part, "The Body Worn Camera footage revealed
6    Deputy Saucedo appeared to have grabbed your shoulder from behind and shove you, as you
7    state.  The Sacramento Sheriff's Office values thorough and objective investigations to maintain
8    the public's trust.  As a result, this issue is being addressed internally."  (Id. at 22.)

9         The Fourteenth Amendment (and not the Eighth Amendment) protects a pretrial detainee
10   from the use of excessive force that amounts to punishment.  See Kingsley v. Hendrickson, 576
11   U.S. 389, 396-97.  This Court finds that plaintiff states a potentially colorable Fourteenth
12   Amendment excessive force claim against defendant Saucedo.  Plaintiff's Eighth Amendment
13   excessive force claim should be dismissed because the Eighth Amendment applies to convicted
14   prisoners, not pretrial detainees.  See id. at 400.

15        Plaintiff alleges that on January 28, 2023, defendant Saucedo was "assisted" by
16   defendants Deo, Lee and Trost.  (ECF No. 13 at 9.)  Plaintiff alleges that defendants Saucedo,
17   Deo, Lee and Trost surrounded plaintiff and began to threaten plaintiff with profanity.  (Id.)
18   Plaintiff alleges that defendants Deo, Lee and Trost encouraged defendant Saucedo to do more
19   harm to plaintiff.  (Id. at 10.)  This Court finds that these allegations against defendants Deo, Lee
20   and Trost state potentially colorable excessive force claims against these defendants based on
21   their alleged failure to intervene in defendant Saucedo's alleged excessive force and/or their
22   enabling of the alleged excessive force.  See Hughes v. Rodriguez, 31 F.4th 1211, 1223 (9th Cir.
23   2003) (internal citations omitted) ("Officers can be liable for failing to intercede in situations
24   where excessive force is claimed to be employed by other officers only if 'they had an
25   opportunity to intercede'…Furthermore, officers can be liable for excessive force on a theory of
26   integral participation only if they participate 'in some meaningful way' in the specific actions that
27   constituted the violation.").

28        In claim two, plaintiff also raises a Fourth Amendment claim based on unreasonable

7

1 | searches and seizures. (ECF No. 13 at 9.) In claim two, plaintiff pleads no facts suggesting a
2 | Fourth Amendment claim based on unreasonable searches and seizures. Accordingly, plaintiff's
3 | Fourth Amendment claim raised in claim two should be dismissed.

**C. Claim Three**

In claim three, plaintiff alleges violation of the Fourteenth Amendment and plaintiff's Eighth Amendment right to adequate medical. (ECF No. 13 at 11.) As discussed below, claim three also raises claims pursuant to the First and Fourth Amendments.

      1. <u>Claims Against Defendants Ceries, Tseng, Randy and Alex Regarding Medical Care</u>

Claims for violations of the right to adequate medical care brought by pretrial detainees arise under the Fourteenth Amendment and are evaluated under an objective deliberate-indifference standard. See <u>Gordon v. Orange</u>, 888 F.3d 1118, 1123-24 (9th Cir. 2018). "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high level of risk involved—making the consequences of defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the facts and circumstances of each particular case." <u>Id.</u> at 1125 (footnote, citations and internal quotation marks omitted).

Plaintiff alleges that on January 29, 2023, plaintiff wrote a health care service request based on the injuries he suffered during the excessive force incident the day before. (ECF No. 13 at 12.) On January 31, 2023, plaintiff was seen by a social worker who told plaintiff that she would give plaintiff more information, but she failed to do so. (<u>Id.</u>) On February 8, 2023, plaintiff submitted another health care service request. (<u>Id.</u>) This request was acknowledged by

///

medical staff on February 9, 2023.[1] (Id.) Plaintiff wrote another health care request on February 16, 2023. (Id.) On February 26, 2023, a nurse saw plaintiff "to let the medical doctor know about plaintiff's back pain." (Id.) On April 13, 2023, defendant Tseng authorized an x-ray and blood test for plaintiff, but only to test for tuberculosis. (Id. at 12, 13.) On April 13, 2023, defendant Tseng saw plaintiff for plaintiff's back injury and shoulder and leg pain. (Id. at 12.) A lower bunk chrono was issued for plaintiff on April 13, 2023, but plaintiff was not moved to the lower bunk until May 31, 2023 by defendant Ceries. (Id. at 11-12.) Defendant Tseng had also restricted plaintiff from climbing. (Id. at 11.) However, on May 31, 2023, plaintiff was moved from the bottom tier to a lower bunk on the top tier.[2] (Id.) Plaintiff told defendant Ceries that plaintiff was having a hard time climbing up and down stairs and that defendant Tseng had restricted plaintiff from climbing. (Id.) Defendant Ceries replied through the intercom by telling plaintiff to follow the order and move from the bottom tier to the lower bunk on the top tier. (Id. at 13.)

From June 1, 2023 to February 29, 2024, the medical staff at RCCC did not give plaintiff further consultation or treatment. (Id.) On February 29, 2024, plaintiff was transferred to the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Id.) On January 29, 2023, February 8, 2023 and February 13, 2023, defendants Alex and Randy refused to treat plaintiff by saying that at RCCC they do not provide treatment for "back pain injury." (Id.) Defendants Alex and Randy advised plaintiff to follow-up with plaintiff's primary care physician when released from custody. (Id.) On May 23, 2023 and May 27, 2023, plaintiff wrote to the medical clinic requesting an x-ray for his lower back pain. (Id.) Plaintiff received no response to this request. (Id.) Plaintiff alleges that because defendants Tseng, Randy and Alex refused to treat plaintiff's injuries suffered during the excessive force incident alleged in claim two, plaintiff suffered chronic lumbar radiculopathy, foot pain, hyperlipidemia, lower back pain,

---

[1] In the second amended complaint, plaintiff alleges that the health care request submitted on February 8, 2023 was acknowledged by medical staff on January 8, 2023. (Id.) It is clear that plaintiff meant to claim that on February 9, 2023 medical staff acknowledged the health care request submitted on February 8, 2023.

[2] To clarify, plaintiff appears to claim that he was moved to a cell on the top tier of his housing unit and assigned the lower bed bunk in that cell.

9

left shoulder pain, varicose veins of lower legs, numbness in both feet, disc protrusion, etc. (Id. at 13-14.) Plaintiff alleges that prior to suffering these injuries, plaintiff had no health issues. (Id. at 14.)

Liberally construing plaintiff's second amended complaint, plaintiff appears to allege that while defendant Tseng authorized a lower bunk chrono and restricted plaintiff from climbing on April 13, 2023, defendant Tseng did not provide any treatment for the injuries plaintiff suffered after the January 28, 2023 excessive force incident. These allegations state a potentially colorable Fourteenth Amendment inadequate medical care claim against defendant Tseng. Plaintiff alleges that defendants Randy and Alex refused to treat plaintiff's back pain and advised plaintiff to seek treatment for back pain after his release from custody. These allegations state a potentially colorable Fourteenth Amendment inadequate medical care claim against defendants Randy and Alex. Plaintiff alleges that defendant Ceries moved plaintiff to the upper tier after plaintiff told defendant Ceries that defendant Tseng had restricted plaintiff from climbing. These allegations state a potentially colorable Fourteenth Amendment inadequate medical care claim against defendant Ceries.

Plaintiff also claims that defendant Tseng authorized a lower bunk for plaintiff on April 13, 2023, but defendant Ceries did not provide plaintiff with a lower bunk until May 31, 2023. However, plaintiff pleads no facts demonstrating that defendant Ceries caused the delay in plaintiff's receipt of the lower bunk. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff fails to plead sufficient facts demonstrating that defendant Ceries caused the delay in plaintiff's receipt of the lower bunk, this claim against defendant Ceries should be dismissed.

### 2. Claim Against Defendant Ceries Regarding Hindu Diet

Plaintiff alleges that defendant Ceries worked the morning shift. (ECF No. 13 at 14.) Defendant Ceries was rude, disrespectful and angry when plaintiff tried to "rectify" not receiving his Hindu vegetarian diet. (Id.) Defendant threatened plaintiff through the intercom, saying that she would put plaintiff in the holding tank. (Id.) Defendant Ceries told plaintiff that she could not correct the diet because the kitchen was closed, which was not correct. (Id.) Sometimes defendant Ceries refused to answer plaintiff. (Id.) These allegations state a potentially colorable First Amendment right to free exercise of religion claim against defendant Ceries. See McElyea, 833 F.2d at 198.

### 3. Claims Against Defendants Cuems and Alex Regarding Eyeglasses

On October 27, 2022, plaintiff received a note from defendant Cuems saying that plaintiff could not have the prescribed eyeglasses that plaintiff's wife brought because they had metal frames. (ECF No. 13 at 14.) Plaintiff told defendant Cuems that there were other inmates at RCCC who had eyeglasses with metal frames. (Id.) Plaintiff told defendant Cuems that there were inmates at RCCC who had metal walkers and other metal gear. (Id.) Defendant Cuems did not respond to plaintiff. (Id.) Plaintiff did not receive the prescribed eyeglasses brought by plaintiff's wife. (Id.) Plaintiff bought temporary eyeglasses at the commissary. (Id.) These allegations state a potentially colorable Fourteenth Amendment inadequate medical care claim against defendant Cuems.

Plaintiff alleges that on October 27, 2022, plaintiff sent a medical request to see optometry for eyeglasses. (ECF No. 13 at 15.) Defendant Alex told plaintiff that it would take eight to nine months for plaintiff to see an eye doctor in order to get new eyeglasses. (Id.) Plaintiff told defendant Alex that plaintiff wanted to keep the appointment with the eye doctor. (Id.) However, the whole time plaintiff was at RCCC, plaintiff was not seen by optometry. (Id.) Plaintiff

11

1  suffered vision loss as a result of using non-prescribed eyeglasses purchased from the
2  commissary. (Id.) This Court finds that plaintiff fails to plead sufficient facts demonstrating that
3  defendant Alex, a nurse, caused plaintiff's failure to see the eye doctor at RCCC. While
4  defendant Alex allegedly told plaintiff that it would take eight to nine months to see the eye
5  doctor, plaintiff fails to plead sufficient facts demonstrating that acts or omissions by defendant
6  Alex caused plaintiff to not see the eye doctor at RCCC. See Johnson, 588 F.2d at 743.
7  Accordingly, this claim against defendant Alex should be dismissed.

### 4. Claim Against Defendant Deo

On December 12, 2023, while plaintiff was at court, defendant Deo searched plaintiff's personal property, including plaintiff's legal documents, religious materials and food items. (ECF No. 13 at 15.) Plaintiff alleges that defendant Deo conducted the search outside of plaintiff's presence for no reason. (Id.) Plaintiff's personal property had been nicely stored in a cardboard box. (Id.) When plaintiff returned from court, plaintiff's belongings had been removed from the cardboard box and some were thrown on to the bunk and floor. (Id.)

Plaintiff appears to raise a Fourth Amendment claim based on the allegations set forth above against defendant Deo. Prisoners, including detainees, have no reasonable expectation of privacy in their cell and are not entitled to Fourth Amendment protection against unreasonable search and seizures. See Hudson v. Palmer, 468 U.S. 517, 527-28 (1984); Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pre-trial detainee has no reasonable expectation of privacy in cell; no Fourth Amendment violation when inmate not present during search of legal materials). For these reasons, plaintiff does not state a potentially colorable Fourth Amendment claim against defendant Deo and this claim should be dismissed.

### 5. Claim Against Defendant Leahy

Plaintiff alleges that on March 9, 2023, defendant Leahy violated plaintiff's right to seek remedies to the highest level of review regarding plaintiff's grievance seeking his Hindu vegetarian diet. (ECF No. 13 at 16.) Plaintiff alleges that he did not receive his Hindu religious diet. (Id.) Plaintiff alleges that defendant Leahy ordered restrictions on plaintiff's grievances regarding his Hindu vegetarian diet. (Id.)

To the extent plaintiff claims a due process violation against defendant Leahy based on the alleged restrictions on plaintiff's grievances, these allegations do not state a potentially colorable due process claim because inmates do not have a liberty interest in a specific grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); Renfro v. West Valley Detention Center Classification Staff, 2022 WL 18228280, at *6 (C.D. Cal. June 3, 2022) (pretrial detainees do not have a constitutional right to specific grievance procedure); Campos v. Barnes, 2021 WL 1564459, at *6 (C.D. Cal. Apr. 21, 2021) ("Detainees and prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure."). Accordingly, on these grounds, plaintiff's due process claim against defendant Leahy based on the restriction placed on plaintiff's grievances should be dismissed.

Plaintiff appears to also raise a First Amendment claim against defendant Leahy based on defendant Leahy's alleged failure to process and/or respond to plaintiff's grievances seeking the Hindu vegetarian diet. These allegations state a potentially colorable First Amendment right to free exercise of religion claim against defendant Leahy. See McElyea, 833 F.2d at 198.

### 6. Eighth Amendment Claims

In claim three, plaintiff appears to raise claims alleging inadequate medical care under the Eighth Amendment. Because plaintiff was a pretrial detainee at the time of the alleged deprivations, plaintiff's claims arise under the Fourteenth as opposed to the Eighth Amendment. See Gordon, 888 F.3d at 1124. Accordingly, plaintiff's Eighth Amendment claims raised in claim three should be dismissed.

**D. Conclusion**

For the reasons discussed above, this Court finds that plaintiff's second amended complaint states the following potentially colorable claims for relief: 1) claim one against defendants Johnson and Meyer for allegedly violating the First Amendment by failing to provide plaintiff with a Hindu vegetarian diet and serving plaintiff meals containing red wine vinegar; 2) claim one against defendants Johnson and Meyer for allegedly violating plaintiff's Fourteenth Amendment right to adequate food; 3) claim one against defendants Johnson and Meyer for

allegedly violation the Equal Protection Clause by providing religious diets to inmates of other religions and failing to provide plaintiff with a Hindu vegetarian diet; 4) claim one against defendant Xiong for allegedly violating the First Amendment by removing/destroying plaintiff's religious altar; 5) claim one against defendant Xiong for allegedly violating the Equal Protection Clause by removing plaintiff's Hindu religious pictures but not religious pictures displayed by inmates of other religions; 6) claim one against defendant Xiong for allegedly violating the First Amendment by failing to provide plaintiff with Hindu vegetarian meals; 7) claim two against defendants Saucedo, Deo, Lee and Trost for allegedly violating the Fourteenth Amendment based on excessive force; 8) claim three against defendants Tseng, Randy, Alex and Ceries for allegedly violating the Fourteenth Amendment by providing plaintiff with inadequate medical care; 9) claim three against defendant Ceries for allegedly violating the First Amendment by failing to provide plaintiff with Hindu vegetarian meals; 10) claim three against defendant Cuems for allegedly violating the Fourteenth Amendment by failing to provide plaintiff with eyeglasses; and 11) claim three against defendant Leahy for allegedly violating the First Amendment by failing to provide plaintiff with Hindu vegetarian meals.  Accordingly, this Court separately orders plaintiff to return the forms necessary for service of these claims.

For the reasons discussed above, this Court finds that the following claims raised in the second amended complaint are not potentially colorable: 1) claim one against defendant Xiong for allegedly violating the Equal Protection Clause by discriminating against plaintiff based on race; 2) claim one alleging violation of the Fourth Amendment; 3) claim one alleging violation of the Eighth Amendment; 4) claim two alleging violation of the Fourth Amendment; 5) claim two alleging violation of the Eighth Amendment; 6) claim three against defendant Ceries alleging violation of the Fourteenth Amendment based on delay in plaintiff's receipt of a lower bunk; 7) claim three against defendant Alex alleging violation of the Fourteenth Amendment based on plaintiff's failure to see the eye doctor; 8) claim three against defendant Deo alleging violation of the Fourth Amendment; 9) claim three against defendant Leahy alleging violation of the Due Process Clause of the Fourteenth Amendment; and 10) claim three alleging violation of the Eighth Amendment.

Plaintiff has been granted leave to amend twice already.  (ECF Nos. 7, 12.)  Having reviewed the second amended complaint, this Court finds that plaintiff cannot cure the pleading defects as to those claims found not potentially colorable above.  Accordingly, this Court recommends dismissal without leave to amend of those claims in the second amended complaint that are not potentially colorable.  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend … unless 'it is absolutely clear that the deficiencies in the complaint could not be cured by amendment.'").

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that the following claims raised in the second amended complaint be dismissed without leave to amend: 1) claim one against defendant Xiong for allegedly violating the Equal Protection Clause by discriminating against plaintiff based on race; 2) claim one alleging violation of the Fourth Amendment; 3) claim one alleging violation of the Eighth Amendment; 4) claim two alleging violation of the Fourth Amendment; 5) claim two alleging violation of the Eighth Amendment; 6) claim three against defendant Ceries alleging violation of the Fourteenth Amendment based on delay in plaintiff's receipt of a lower bunk; 7) claim three against defendant Alex alleging violation of the Fourteenth Amendment based on plaintiff's failure to see the eye doctor; 8) claim three against defendant Deo alleging violation of the Fourth Amendment; 9) claim three against defendant Leahy alleging violation of the Due Process Clause of the Fourteenth Amendment; and 10) claim three alleging violation of the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kum1772.2am/2