UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR,<br><br>                     Plaintiff,<br><br>          v.<br><br>J. SAUCEDO, et al.,<br><br>                     Defendants. | No.  2:24-cv-1772 DJC CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, plaintiff's motions for judicial intervention seeking assistance in service of defendant Nurse Randy (ECF Nos. 37, 45) are granted, and the U.S. Marshal is directed to take additional steps to serve defendant Nurse Randy with the second amended complaint.

**I.      BACKGROUND**

On June 12, 2025, this Court directed the U.S. Marshal to serve defendants with the second amended complaint.  (ECF No. 20.)  Process directed to defendant Nurse Randy was returned unserved because defendant Nurse Randy was no longer employed with Sacramento County and no further contact information was provided.  (ECF No. 26.)  On August 22, 2025, this Court ordered plaintiff to submit additional information to serve defendant Nurse Randy within sixty days.  (ECF No. 28.)

1

On October 10, 2025, plaintiff filed a motion for judicial intervention. (ECF No. 37.) In this motion, plaintiff stated that he attempted to obtain additional information for service of defendant Nurse Randy but was unable to obtain additional information. (Id.) On October 23, 2025, defendants filed an opposition to plaintiff's motion for judicial intervention. (ECF No. 40.) Defendants argue that defendant Nurse Randy's personal information is confidential and that plaintiff submitted no evidence demonstrating that he took steps to locate defendant Nurse Randy. (Id.) On November 10, 2025, plaintiff filed a second motion for judicial intervention. (ECF No. 45.) In this motion, plaintiff states that he tried to find information for service of defendant Nurse Randall Ruiz. (Id.) Plaintiff provides the license number for defendant Nurse Randall Ruiz from the California Medical Board, No. 603349, obtained from the Pelican Bay State Prison law library. (Id.) Plaintiff also appears to claim that he submitted a request for information regarding defendant Nurse Randall Ruiz through the California Public Records Act but was unable to obtain additional information. (Id.)

## II.    DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon the order of the court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties[.]" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause…" Walker, 14 F.3d

2

at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  See Walker, 14 F.3d at 1421-22.  The Court enjoys broad discretion under Rule 4(m) to extend the time for service following a showing of good cause.  See In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).

Here, it appears that plaintiff has provided information "necessary to sufficiently identify" defendant Nurse Randall Ruiz in this action.  Plaintiff has identified defendant Nurse Randall Ruiz's former employer and his license number with the California Medical Board.  It is also not clear from the return of the USM-285 form what specific avenues the U.S. Marshal exhausted in order to attempt service on defendant Nurse Randall Ruiz, such as review of personnel and/or county/state records.  If the privacy of a defendant's forwarding address can be preserved, plaintiff is entitled to rely on the U.S. Marshal to effect service upon defendant Nurse Randall Ruiz on his behalf.  See Quiroga v. Chapa, case no. 1:16-cv-00071 DAD SAB (E.D. Cal. 2016) (ECF No. No. 31 at 2) (citing Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990)).  Accordingly, this Court will direct the U.S. Marshal to attempt re-service of defendant Nurse Randall Ruiz, and to seek the assistance from Sacramento County Counsel in attempting to locate defendant Nurse Randall Ruiz by way of any forwarding address or any other means available to the U.S. Marshal in locating defendant Nurse Randall Ruiz.  Any forwarding address of defendant Nurse Randall Ruiz may be provided to the U.S. Marshal in a confidential memorandum indicating that the summons and plaintiff's second amended complaint is to be served upon defendant Nurse Randall Ruiz at that address.  Pursuant to this confidential service order, any forwarding address for defendant Nurse Randall Ruiz shall not appear on any USM-285 forms, shall not be made accessible to the plaintiff under any circumstances, and shall not be made part of the court's record.  See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (While a "state prison may be justifiably reluctant to provide employee addresses to a prisoner…due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency.").  If the U.S. Marshal is unable to locate defendant Nurse Randall Ruiz, the

U.S. Marshal shall document on the USM-285 form all avenues that were exhausted in attempting to locate this defendant.

**III.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for judicial intervention (ECF Nos. 37, 45) are granted;

2. The U.S. Marshal is directed to attempt re-service on defendant Nurse Randall Ruiz;

3. The Clerk of the Court is directed to serve a copy of this order and the following documents on the U.S. Marshal:

   a. A copy of the second amended complaint filed April 14, 2025 (ECF No. 13).

   b. The Court's service order filed June 12, 2025 (ECF No. 20).

   c. A copy of the USM-285 form as to defendant Nurse Randall Ruiz (ECF No. 26).

4. All provisions of the service order filed June 12, 2025 remain in effect.

Dated:  April 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kuma1772.ord(2)/2

4